UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HOLLY JARVIS,

                Plaintiff,

v.

CITY OF SYRACUSE POLICE DEPARTMENT, OFFICER DEREK MONTRESSOR, MATTHEW MALOWSKI, DARREL WEST, MICHAEL DaSILVA, MONTSERRAT GARCIA, OFFICER FOLDBERG, PO JASON DUEL, PO PHILLIP PHILBRICK,

                Defendants.

**NOTICE OF REMOVAL**
Federal Civil Action No.:
5:25-cv-00228 (LEK/MJK)

---

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441 and Rule 81(c) of the Federal Rules of Civil Procedure, the Removing Parties, Defendants City of Syracuse Police Department ("SPD"), Derek Montressor ("Officer Montressor"), Matthew Malinowski ("Lieutenant Malinowski")[1], Darrel West ("Officer West"), Michael DaSilva ("Officer DaSilva"), Montserrat Garcia ("Officer Garcia"), and Officer Goldberg ("Officer Goldberg") (collectively "City Defendants")[2] remove this New York State Court action in the Supreme Court of the County of Onondaga ("State Supreme Court") to the United States District Court for the Northern District of New York, respectfully showing this Court that:

---

[1] Misspelled surname in Plaintiff's Complaint as "Malowski," and, upon information and belief, at all relevant times of this action Matthew Malinowski was of the rank of lieutenant with SPD.
[2] Upon information and belief, PO Jason Duel and PO Phillip Philbrick are neither employees of the City of Syracuse nor have they both been served and joined in the New York State Court action. Counsel for City Defendants do not represent PO Jason Duel and PO Phillip Philbrick for the purpose of this Notice of Removal, and are under no obligation to pursuant to 28 U.S.C. 1446(b)(2)(A) to obtain their consent as they have not joined the State Court Action and, upon information and belief, they have not even been served.

## THE REMOVED CASE

1. The removed case is a civil action commenced by Summons and Complaint filed by Plaintiff Holly Jarvis ("Plaintiff") on July 31, 2024, in the Supreme Court of the State of New York, County of Onondaga, having been assigned Index No. SU-2024-007871 ("Summons and Complaint" or "Complaint") with the caption:

> HOLLY JARVIS, Plaintiff,
> 
> v.
> 
> CITY OF SYRACUSE POLICE DEPARTMENT, OFFICER DEREK MONTRESSOR, MATTHEW MALOWSKI, DARREL WEST, MICHAEL DaSILVA, MONTSERRAT GARCIA, OFFICER FOLDBERG, PO JASON DUEL, PO PHILLIP PHILBRICK, Defendants.

(short title: "Holly Jarvis v. City of Syracuse Police Department et al.") ("State Court Action"). On October 23, 2024, Plaintiff filed an Amended Complaint with Onondaga County Supreme Court, however this Amended Complaint was never served upon the City Defendants. The Complaint and Amended Complaint included U.S. Constitutional claims as defined by 28 U.S.C. §§ 1441, 1446(b)(2)(B), 1331 and 1343, as brought pursuant to 42 U.S.C. § 1983. *See* Exh. G, Amended Complaint ¶ 4 ("Defendants violated Plaintiff's constitutional rights, including her right to be free from excessive force and unlawful seizure, in violation of 42 U.S.C. § 1983."), and 5 ("Plaintiff requests: $50,000 for physical injuries, &75,000 for emotional distress, $100,000 in punitive damages, Attorney fees for representing herself under 42 U.S.C. § 1988").

## PAPERS REMOVED FROM ACTION

2. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "A"** is a true and accurate copy of the Summons and Complaint personally served upon the City Defendants in its entirety in

the removed case on January 30, 2025, which is the initial pleading pursuant to 28 U.S.C. § 1446(b)(2)(B) and 28 U.S.C. § 1331. The Complaint has attached to it a series of documents listed as Exhibit "A"[3] that were incorporated therein by reference, collectively representing State Court Action docket number 1.

3. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "B"** is a true and correct copy of an Affidavit in Support of Application to Waive Court Fees and Costs filed with the State Supreme Court on July 31, 2024, which was not served upon the City Defendants, but was obtained by City Defendants from the Onondaga County Clerk's Office.

4. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "C"** is a true and correct copy of the RJI filed with the State Supreme Court on July 31, 2024, which was not served upon the City Defendants, but was obtained by City Defendants from the Onondaga County Clerk's Office.

5. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "D"** is a true and correct copy of the Notice of Motion filed with the State Supreme Court on July 31, 2024, which was not served upon the City Defendants, but was obtained by City Defendants from the Onondaga County Clerk's Office.

6. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "E"** is a true and correct copy of a Decision and Order by Hon. James P Murphy filed with the Onondaga County Clerk on September 3, 2024.

7. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "F"** is a true and correct copy of an Amended Decision and Order by Hon. James P Murphy filed with the Onondaga County Clerk on September 18, 2024.

---

[3] This "Exbibit 'A'" to the Summons and Complaint is actually Exhibit "H" to this motion.

8. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "G"** is a true and correct copy of the Amended Summons and Complaint filed with the Onondaga County Clerk on October 23, 2024, which was not served upon the City Defendants, but was obtained by City Defendants from the Onondaga County Clerk's Office.

9. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "H"** is a true and correct copy an Order by Hon. James P Murphy filed with the Onondaga County Clerk on January 17, 2025.

10. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "I"** is a true and correct copy of a Certificate of Service concerning Defendant the City of Syracuse Police Department, filed with the Onondaga County Clerk on February 11, 2025.

11. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "J"** is a true and correct copy of a Certificate of Service concerning Defendant Montserrat Garcia, filed with the Onondaga County Clerk on February 11, 2025.

12. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "K"** is a true and correct copy of a Certificate of Service concerning Defendant Phillip Phillbrick, filed with the Onondaga County Clerk on February 11, 2025.  This was improperly and ineffectively served on the City of Syracuse, who does not represent Phillip Phillbrick.

13. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "L"** is a true and correct copy of a Certificate of Service concerning Defendant Jason Duel, filed with the Onondaga County Clerk on February 11, 2025. This was improperly and ineffectively served on the City of Syracuse, who does not represent Jason Duel.

14. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "M"** is a true and correct copy of a Certificate of Service concerning Defendant Goldberg, filed with the Onondaga County Clerk on February 11, 2025.

15. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "N"** is a true and correct copy of a Certificate of Service concerning Defendant Michael DaSilva, filed with the Onondaga County Clerk on February 11, 2025.

16. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "O"** is a true and correct copy of a Certificate of Service concerning Defendant Derek Montressor, filed with the Onondaga County Clerk on February 11, 2025.

17. As required by 28 U.S.C. § 1446(a), attached as **Exhibit "P"** is a true and correct copy of a Certificate of Service concerning Defendant Darrel West, filed with the Onondaga County Clerk on February 11, 2025.

18. As required by 28 U.S.C. § 1446(a), attached as Exhibit "Q" is a true and correct copy of a Certificate of Service concerning Defendant Matthew Malowski, filed with the Onondaga County Clerk on February 11, 2025.

19. As required by 28 U.S.C. § 1446(a), Exhibits "A" and "Q" represent the entirety of documents on the docket in the State Court Action, as represented by those documents available with the Onondaga County Clerk as this is a manually paper-filed matter, and hence the entire record in the same action, as attached as **Exhibit "R"** is true and correct copy of the docket document list from the Onondaga County Clerk's *e*Search website[4] (captured on February 19, 2025) in the State Court Action.

---

[4]https://cotthosting.com/NYOnondagaExternal/User/Login.aspx?ReturnUrl=%2fNYOnondagaExternal%2f

20. Neither PO Jason Duel nor PO Phillip Philbrick are employed (or were employed during all relevant times of the State Court Action) by the City of Syracuse Police Department, and, upon information and belief, are and/or were employed (at all relevant times) by the County of Onondaga. Therefore, service of either PO Jason Duel or PO Phillip Philbrick was **not** affected through service upon the Office of the Corporation Counsel for the City of Syracuse (*see* Exhs. K and L). In conclusion, based on the record and docket with the Onondaga County Clerk (*see* Exh. R), there is no proof that PO Jason Duel or PO Phillip Philbrick were served and the same record and docket lacks any evidence that they have joined in the State Court Action.

### TIMELY REMOVAL

21. On January 30, 2025, Plaintiff personally served the Summons and Complaint on Defendant City of Syracuse, who accepted service on behalf of the City Defendants ***only***. See Exh. A, p. 1. Thus, all City Defendants have been served. *See id.*

22. The Notice of Removal is filed within 30 days of the service of the Summons and Complaint on the City Defendants, and is, therefore, timely under 28 U.S.C. § 1446(b).

### CONSENT OF DEFENDANTS

23. City Defendants, who collectively consent, do not require the consent for removal from either PO Jason Duel or PO Phillip Philbrick pursuant to 28 U.S.C. § 1446(b)(2)(A), as they have not joined the State Court Action, nor is there evidence that they have been served. *See* Exh. R.

24. Further, upon information and belief, based on communications with a representative of the Onondaga County Law Department, neither of these potential County of Onondaga Co-Defendants (i.e., PO Jason Duel or PO Phillip Philbrick) have been properly served with process, and, therefore, their consent is not required pursuant to 28 § U.S.C. 1446(b)(2)(A).

25.     Therefore, City Defendants have complied with the 28 U.S.C. § 1441 and 1446 "rule of unanimity" before making this Notice of Removal, and consequently the above-caption case may be removed to this Court. *Cf. Williams v. Connell,* 12-CIV-3593 (SLT/VVP), 2017 WL 2829686, at *3 (E.D.N.Y. June 29, 2017) (citing cases).

### VENUE IS PROPER

26.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. That is, the Supreme Court of the County of Onondaga resides completely within the jurisdictional limits of the United States District Court for the Northern District of New York, and the Complaint initiating the proceedings in the State Court Action brings forth claims pursuant to the U.S. Constitution and laws over which the district courts of the United States have original jurisdiction.

### JURISDICTION

27.     The above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because the Summons and Complaint alleges that "Defendants violated Plaintiff's constitutional rights, including her right to be free from excessive force and unlawful seizure, in violation of 42 U.S.C. § 1983." Exh G., ¶4. As a result, this action arises under the Constitution and laws of the United States.

28.     Based upon the aforementioned and forgoing, it is respectfully submitted that this Court should also exercise pendent jurisdiction over all of Plaintiffs' remaining claims in the Complaint under New York State law.

29.     This Action may, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441 without regard to the citizenship of the parties or the amount in controversy.

**FILING OF REMOVAL PAPERS**

30. Pursuant to 28 U.S.C. § 1446(d), a copy of the written Notice of Filing of Notice of Removal, with the Notice of Removal and exhibits attached thereto, of this action shall be served immediately on Plaintiff' and the Chief Clerk of Onondaga County Supreme Court, as well as filed and served with the Supreme Court of the county of Onondaga, State of New York, personally and through the New York State Court Electronic Filing ("NYSCEF") system. A true and correct copy of this Notice of Filing of Notice of Removal is attached hereto as **Exhibit "S."**

31. Promptly after the filing of the Notice of Removal with the Court and the State Supreme Court, Defendants shall give written notice thereof to Plaintiff and shall file a copy of the Notice of Removal with the Chief Clerk Supreme Court of the County of Onondaga, State of New York (the designated clerk of such State court pursuant to 28 U.S.C. § 1446(d)).

**WHEREFORE**, City Defendants hereby remove the above captioned action from the Supreme Court of the County of Onondaga, State of New York, and respectfully request that further proceedings be conducted in this Court as provided by law, exercising jurisdiction over those matters in the Complaint of federal question and exercising pendent jurisdiction over all of Plaintiffs' claims under New York State law and Constitution.

Dated: February 19, 2025

SUSAN R. KATZOFF, ESQ.
CORPORATION COUNSEL—CITY OF SYRACUSE

<u>*/s/ Todd M. Long*</u>
By: Todd M. Long, Esq.
Senior Corporation Counsel
Bar Roll No. 519301
*Counsel for City Defendants*
233 East Washington Street
300 City Hall
Syracuse, New York 13202
Tel. No.: 315-448-8400
Fax No.: 315-448-8381
Email: tlong@syr.gov

To:    Holly Jarvis
*Pro-Se*
105 Rider Ave, Apt 1
Syracuse, NY 13207

Diane Helbig, Chief Clerk
Onondaga County Supreme Court
The Honorable James C. Tormey III Criminal Courthouse
505 S. State Street, Rm. 110
Syracuse, New York 13202