9:45  JAN 3 0 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF __Onondaga__

SHERIFF'S OFFICE of the Corporation Counsel
CIVIL DEPARTMENT

Haley Janis

2025 JAN 30 AM 1:09

(Names of Plaintiff(s)/Petitioner(s))
vs City of Sur police dept
Officer Parey Montressor Mathew     **Summons**
Malouski Darrel West Michael        **Index No.** _____
P. Salva Montferrat Garcia
(Names of Defendant(s)/Respondent(s))
Officer gold belts    McKason Duer   po shrup
                                      purebrick

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: __July 31__, 20__24__
(Date of Summons)

Haley Janis
(Plaintiff(s) name - person bringing on lawsuit)
105 Kidder Ave Apt 1
(Plaintiff(s) street address)
Syr NY 13207
(Plaintiff(s) city, state, zip)
315-217-6610
(Plaintiff(s) telephone no.)

& See attached page
(Defendant(s) name - person(s) sued)

_____
(Defendant(s) street address)

_____
(Defendant(s) city, state, zip)

Venue:   Plaintiff(s) designate(s) __Onow__ County as the place of trial. The basis of this designation is: (Enter County above; then select one category below, listing specific County)

☒ Plaintiff(s)' Residence in __Onon__ County.
☐ Defendant(s)' Residence in _____ County.
☐ Other -- Describe: _____

**NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT**

File Number: SU-2024-007871    Seq: 1    Doc Seq: 1

City of Syracuse police dept
Officer Perez montressor
matthew malowski
Darrel west
Michael ~~~~ Saliva
montserrat garcia
Officer Goldberg
po Jason Duel
po phillip philbrick

address unknown

United States ~~District Court~~ for the County Of Onondaga

Filed & Entered

JUL 3 1 2024

Onondaga County Clerks Office

Holly Jarvis

105 Rider Ave Apt 1

Syracuse NY 13207


City of Syracuse

Syracuse Police Department

Officer Derex Montressor

Matthew Malinowski

Darrel West

Michael DaSilva

Montserrat Garcia

Officer Goldberg

PO Jason Duel

PO Phillip Philbrick


COMPLAINT


Introduction


This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking redress for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.


Jurisdiction and Venue

This Court has jurisdiction over this action under its general jurisdiction to hear civil matters. Venue is proper in this Court because the events giving rise to this action occurred within its jurisdiction.

Parties

Plaintiff Holly Jarvis is a resident of Syracuse New York
Defendant City of Syracuse is a municipal corporation in the State of New York.

Defendant Syracuse Police Department is an agency of the City of Syracuse.

Defendant Officer Derex Montressor is a police officer employed by the Syracuse Police Department and is sued in his individual and official capacities.

Factual Allegations

1. On November 25, 2023, Plaintiff Holly Jarvis was at the Destiny USA Mall in Syracuse, New York.
2. Officer Montressor, while on duty, responded to a reported disturbance at the Funny Bone Comedy Club.
3. Upon arrival, Officer Montressor found a male with a knife and used a taser to subdue him.
4. Despite no evidence or testimony indicating that Plaintiff possessed a weapon or posed a threat, Officer Montressor arrested Plaintiff for Resisting Arrest and Trespass.
5. Plaintiff was charged with violating Penal Law Section 205.30 (Resisting Arrest) and Penal Law Section 140.05 (Trespass).
6. On March 12, 2024, Plaintiff filed a motion to dismiss the charges due to a defective accusatory instrument and invalid trespass charge.
7. The probable cause hearing was held on May 3, 2024, where the court reviewed the evidence and testimony.

8. During the incident, Officer Montressor was informed that a female was also involved. When Plaintiff Holly Jarvis began to walk away from the scene, Officer Montressor issued a verbal command for her to stop. Plaintiff did not comply, continuing to walk away, which led Officer Montressor to attempt to detain her.

9. Officer Montressor testified that upon his arrival at the pedestrian bridge, he was unaware of the specific events that had transpired at the Funny Bone Comedy Club. Despite this lack of initial detail, he decided to detain the female, who was later identified as Plaintiff Holly Jarvis.

10. Officer Montressor testified that his decision to detain Plaintiff was based on information he received at the scene, suggesting her involvement in the incident. He attempted to initiate a conversation by detaining her.

11. Plaintiff protested the detention, repeatedly asserting that Officer Montressor had no legitimate basis to detain her. In response, Officer Montressor informed her that the detention was part of an ongoing investigation into the incident.

12. When Plaintiff refused to comply with his commands to place her hands behind her back, Officer Montressor proceeded to physically subdue her by taking her to the ground and handcuffing her.

13. Regarding the trespassing charge, Officer Montressor testified that the incident involving Plaintiff occurred in a section of the mall where a zero-tolerance policy is strictly enforced. He stated that the mall authorities had expressed a desire to have her trespassed due to her involvement in a serious incident. However, Officer Montressor admitted that prior to arresting Plaintiff, he had no information indicating that she was prohibited from being in the mall, nor was he aware of any prior communications

14. Regarding the charge of resisting arrest, Officer Montressor testified that he decided to charge Plaintiff because she physically resisted his attempts to detain her. He detailed that the act of

resisting included her refusal to comply with his directives to be detained, necessitating physical intervention to subdue and handcuff her.

15. Body-worn camera footage from Officer Montressor somewhat corroborates his testimony, although it does not capture the entire interaction, starting only at the pedestrian bridge. The Court finds the video to be a credible account of the events it captures.

16. The footage shows the male lying on the ground after having been tased. Plaintiff is observed standing over him for a few seconds before she attempts to continue leaving the mall via the pedestrian bridge. Several officers are seen pointing at her and directing her to stop, which she disregards.

17. The video then shows Officer Montressor, without prior warning, grabbing Plaintiff from behind and swinging her around. During this interaction, Plaintiff repeatedly states, "you have no right to put your hands on me" and "why are you touching me?" Officer Montressor continually instructs her to put her hands behind her back, despite simultaneously holding and moving her. Plaintiff continues to inquire, "why are you touching me?" Subsequently, without any warning, Officer Montressor

forcefully brings Ms Jarvis to the ground

18. It is not until after she has been handcuffed that Officer Montressor verbally responds to Plaintiff's inquiries by shouting, "Cause you guys don't f***ing listen, that's why!"

19. The determination of an arrest employs an objective test: what a reasonable person, innocent of any crime, would have thought under similar circumstances. Handcuffs are generally recognized as a hallmark of an arrest.

20. Penal Law § 140.05 defines trespass as a person knowingly entering or remaining unlawfully in or upon premises. The law further clarifies that a person entering or remaining in premises open to the public does so with license and privilege unless there is a lawful order not to enter or remain, personally communicated by the owner, or other authorized person.

21. In the present case, there was no testimony indicating that a lawful order not to enter the mall was personally communicated to Plaintiff prior to the incident at the Funny Bone. Furthermore, there was no credible testimony suggesting that Plaintiff was told to leave and refused to do so.

22. Officer Montressor admitted that prior to arresting Plaintiff, he had no information indicating that she was prohibited from being in the mall, nor was he aware of any prior communication to her that she was to leave or had been formally trespassed from the property.

23. Officer Montressor admitted during testimony that he did not inform the Defendant of the arrest before making physical contact. This lack of communication was deemed significant enough to dismiss the resisting arrest charge, as the Defendant could not have known that she was resisting an arrest rather than merely reacting to an unexpected and unexplained physical handling.

24. Similarly, in the current case, Officer Montressor's failure to communicate the arrest to the Defendant undermines the legitimacy of the resisting arrest charge. Since the Defendant was not made aware that she was being arrested, her reactions to Officer Montressor's physical actions cannot be legally construed as resisting arrest.

25. Moreover, the resisting arrest charge must be dismissed, even assuming the officer's attempt to handcuff the Defendant could be construed as an arrest. The Fourth Department has unequivocally stated, "the crime of resisting arrest does not occur if the arrest is illegal or unlawful" (People v Perez, 47 AD3d 1192, 1193 [4th Dept. 2008]).

26. Given that Officer Montressor's attempt to handcuff the Defendant was determined to be unlawful, the actions taken by the Defendant in response to this attempt do not constitute the crime of resisting arrest.

27. Accordingly, based on these considerations and the precedents set by relevant case law, the charge of resisting arrest against the Defendant must be dismissed.

28. Based on the arguments presented and the evidence reviewed, the Court grants the Defendant's motion to dismiss. The findings clearly establish that the initial actions leading to the

charges were not supported by probable cause, and consequently, the resulting charges cannot be sustained. See ex. A. Attached

Claims for Relief

Count I: False Arrest

Defendants, acting under color of state law, unlawfully seized and arrested Plaintiff without probable cause.

Count II: Malicious Prosecution

Defendants initiated criminal proceedings against Plaintiff without probable cause and with malice.

Count III: Excessive Force

Officer Montressor used excessive force in arresting Plaintiff, in violation of Plaintiff's Fourth Amendment rights.

Count IV: Equal Protection Violation

Defendants discriminated against Plaintiff based on [specific protected characteristic, if applicable], in violation of the Equal Protection Clause of the Fourteenth Amendment.

Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

File Number: SU-2024-007871  Seq: 8  Doc Seq: 1