September 10, 2024

```
Doc ID: *056501240003 Type: COU
Kind: CIVIL
Recorded: 09/10/2024 at 03:21:00 PM
Fee Amt: $0.00 Page 1 of 3
Transaction: DECISION & ORDER
Onondaga County, NY
Emily Essi Bersani County Clerk
```
**SU-2024-007871**

Holly Jarvis
105 Rider Avenue, Apt. 1
Syracuse, New York 13207

**DECISION AND ORDER**

Re:    Poor Person Application
         Index No. SU-2024-007871

Dear Ms. Jarvis:

The Court has reviewed your application seeking waiver of court fees associated with your motion to challenge the conduct of the Syracuse Police Department, as well as individual police officers.

In support of your application, you submitted a form affidavit attesting that you are unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and an affidavit in support of motion. You also filed a Notice of Motion, although it is unclear whether the notice has been properly served on Respondents. Additionally, on August 6, 2024, you submitted supplemental documentation in support of your motion, specifically, a CD containing X-ray images.

In regard to the fee waiver application, you did not attach proof of income or assets. Further, it is well settled that CPLR §1101(a)[1] makes it clear that a plaintiff must include

---

[1] N.Y. C.P.L.R. 1101 (a): Motion; affidavit. Upon motion of any person, the court in which an action is triable, or to which an appeal has been or will be taken, may grant permission to proceed as a poor person. Where a motion for leave to appeal as a poor person is brought to the court in which an appeal has been or will be taken, such court shall hear such motion on the merits and shall not remand such motion to the trial court for consideration. The moving party shall file an affidavit setting forth the amount and sources of his or her income and listing his or her property with its value; that he or she is unable to pay the costs, fees and expenses necessary to prosecute or defend the action or to maintain or respond to the appeal; the nature of the action; sufficient facts so that the merit of the contentions can be ascertained; and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs, fees and expenses. An executor, administrator or other representative may move for permission on behalf of a deceased, infant or incompetent poor person.

September 3, 2024
Page 2

sufficient information for the Court to discern not only that the person lacks sufficient resources to afford the cost necessary to prosecute or defend the action, but also that the action has palpable merit.

Upon review of all papers submitted to the Court, the Court finds the information provided is not sufficient to establish financial necessity, nor whether the action has merit. Limited information is provided as to the particulars of the alleged incident involving you and your son. Additionally, on page two of the Affidavit in Support of Motion, you make reference to a Motion to Dismiss issued by the Court, but you did not attach the signed order as an exhibit or provide the case information. Finally, again, it is unclear whether Respondents have been put on notice of your motion.

As outlined below, you have until **January 8, 2025** to submit additional information as to your income, bank accounts balance, and underlying claims. Also, should you decide to proceed with this matter, you must actually commence an action against Defendant. A summons and complaint must be filed and properly served upon Defendants pursuant to the New York Civil Practice Law and Rules.[2]

**NOW**, based on all of the foregoing, it is hereby

**ORDERED**, that Plaintiff's application for poor person status is **DENIED AT THIS TIME, WITHOUT PREJUDICE;** and it is further

**ORDERED** that if additional papers are filed with the court by **October 31, 2024,** the court will reconsider the fee waiver application; and it is further

---

[2] N.Y. C.P.L.R. 307 (1): Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state.

September 3, 2024
Page 2

**ORDERED**, that if additional papers ARE NOT filed with the court by **October 31, 2024**, the fee waiver application will be denied, and all applicable filing fees must be paid by **February 28, 2025,** 120 days from the date the fee waiver application is denied, as required by section 1101 of the Civil Practice Law Rules.[3] If not paid by **February 28, 2025**, the case will be dismissed without further order of the court, and the clerk of the court will close the file without further judicial action.

NOTE: The case cannot proceed unless the requested information is filed with the Court. Therefore, the case will be stricken from the court's calendar if the missing/corrected papers are not filed even if the filing fees are paid, and if the case is not restored within 1 year, it will be deemed abandoned and dismissed without costs under section 3404 of the Civil Practice Law and Rules[4].

**The above constitutes the Decision and Order of this Court.**

ENTER      9/10/24      _____
Hon. James P. Murphy
Justice of the Supreme Court

---

[3] N.Y. C.P.L.R. 1101(d): If the court approves the application, the plaintiff will by written order be given notice that all fees and costs relating to the filing and service shall be waived. If the court denies the application the plaintiff will by written order be given notice that the case will be dismissed if the fee is not paid within one hundred twenty days of the date of the order.

[4] N.Y. C.P.L.R. 3404: A case in the supreme court or a county court marked "off" or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.