UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Holly Jarvis,

Plaintiff,

-against-                                                   5:25-CV-228 (LEK/MJK)

City of Syracuse Police Department, *et al.*,

Defendants.

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

On July 31, 2024, Plaintiff Holly Jarvis filed a civil action in the New York Supreme Court County of Onondaga against the City of Syracuse Police Department, Derek Montressor, Matthew Malinowski, Darrel West, Michael DaSilva, Montserrat Garcia, Officer Goldberg, PO Jason Duel, and PO Philip Philbrick. Dkt. No. 1 at 1–2. All Defendants but Duel and Philbrick (collectively, "Defendants") removed the action to the Northern District of New York. *Id.* at 1. On March 31, 2025, Plaintiff filed a second amended complaint, Dkt No. 16 ("Second Amended Complaint" or "SAC"). The Second Amended Complaint did not name PO Jason Duel and PO Philip Philbrick as Defendants, and they were terminated from the docket. Dkt. No. 20; *see generally* SAC. Defendants then filed an answer to the Second Amended Complaint. Dkt. No. 21. Plaintiff filed a motion to proceed *in forma pauperis*, Dkt. No. 17 ("IFP Petition"), which was granted by this Court, Dkt. No. 19.

Plaintiff brings six causes of action against Defendants: (1) Violation of Fourth and Fourteenth Amendments (42 U.S.C. § 1983); (2) Use of Excessive Force; (3) Civil Conspiracy to

Deprive Rights; (4) Negligent and Malicious Misrepresentation; (5) Infliction of Emotional Distress; (6) Failure to Intervene. SAC at 2.

On August 12, 2025, Defendants filed a motion for judgement on the pleadings. Dkt. No. 32 ("Motion"), to which Plaintiff filed a response. Dkt. No. 36 ("Response"). Defendants replied, Dkt. No. 39 ("Reply"), and Plaintiff filed a Sur-Reply. Dkt. No. 41 ("Sur-Reply").

Plaintiff also filed a Motion for Sanctions, Dkt. No. 37 ("Sanctions Motion"), and a Motion for Leave to Amend, Dkt. No. 46. ("Motion to Amend"). For the sake of judicial efficiency, the Court will address all three Motions together.

For the reasons that follow, Defendant's Motion is granted, and Plaintiff's Sanctions Motion and Motion for Leave to Amend are denied.

## II.    BACKGROUND

The following facts are set forth as alleged in the Second Amended Complaint.

"On or about November 25, 2023, Plaintiff and her son William Kerr attended a show at the Funny Bone Comedy Club located at Destiny USA in Syracuse, NY." SAC ¶1. During or following the show, security and then Syracuse Police interacted with Plaintiff and Kerr. *See id.* ¶2. "Officers followed Plaintiff and her son throughout the mall in an intimidating and hostile manner before initiating police involvement." *Id.* ¶7. Defendant officers "participated in wrongful and unjustified actions that led to Plaintiff being physically injured and her son being humiliated and traumatized." *Id.* ¶3. Specifically, "Officer Derek Montressor physically took Plaintiff down," assisted by another unknown officer. *Id* ¶4–5. The other Defendant officers "stood by and failed to intervene, despite witnessing Officer Montressor's unjustified use of force." *Id* ¶6.

2

Montressor caused "injuries that required Plaintiff to be transported to the hospital for x-rays and caused long-term physical pain." *Id.* ¶4. "Although she did not continue treatment, she suffered pain and limitations for several months." *Id.* ¶6. Additionally, she "has suffered and continues to suffer emotional distress, public humiliation, financial hardship, and long-term damage to her reputation." *Id.* ¶10. Plaintiff and Kerr "were issued a lifetime trespass ban from Destiny USA." *Id.* ¶8 .

Finally, Plaintiff alleges "Defendants failed to secure and preserve surveillance video from Destiny USA and the Funny Bone, despite being aware that such video could prove Plaintiff and her son's innocence." *Id.* ¶5. Plaintiff's attorney requested video footage, but it was never produced by the Syracuse Police Department. *Id.* ¶9 .

## III.    LEGAL STANDARD

The standard of review for a motion for judgment on the pleadings and that of a motion to dismiss are indistinguishable. *LaFaro v. N.Y. Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475(2d Cir. 2009) (citing *DeMuria v. Hawkes*, 328 F.3d 704, 706 n. 1 (2d Cir. 2003)). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore, a motion for judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(c)only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *See*

3

*Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

Where, as here, a plaintiff proceeds pro se, the court must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (cleaned up). Nevertheless, "dismissal of a pro se complaint is . . . appropriate where a plaintiff has clearly failed to meet the minimum pleading requirements." *Rahman v. Schriro*, 22 F.Supp.3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)). The Court's "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

When ruling on a Rule 12(c) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotations omitted). However, for pro se plaintiffs, the Court *may* consider "materials outside the complaint

to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at \*4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotations omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at \*4 n.6 (E.D.N.Y. Dec. 15, 2010), "factual allegations made by a pro se party in his papers opposing the motion," *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), and "documents that the plaintiff[ ] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). Finally, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

## IV.   DISCUSSION

Defendant moves to dismiss each of Plaintiff's claims. Mot. at 2. Each claim is discussed in turn.

### A. Federal Claims

1. Excessive Force - 42 U.S.C. § 1983

Plaintiffs bringing a claim under 42 U.S.C. § 1983 "must allege '(1) that some person has deprived him of a federal right, and (2) that the person who deprived him of that right acted under color of state . . . law." *Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 301 (N.D.N.Y. 2013) (quoting *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005)).

*a. Fourth Amendment*

Courts "review a plaintiff's excessive force claim under the Fourth Amendment Standard of objective reasonableness to assess whether an officer's conduct was appropriate in light of the facts and circumstances confronting him." *Cugini v. City of New York*, 941 F.3d 604, 608 (2d

Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Doing so "requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2000).

Defendants argue that plaintiffs have not alleged facts demonstrating a plausible Fourth Amendment violation. Mot. at 5. Plaintiff, in a conclusory fashion, refers to "wrongful and unjustified actions that led to Plaintiff being physically injured," though the only description of the action that led to Plaintiff's injury is that "Officer Derek Montressor physically took Plaintiff down." SAC at *1*.[1] Defendants argue that the Second Amended Complaint is bereft of specific details that would allow the Court to infer that the takedown constituted excessive force. Mot. at 5. The Court agrees. A takedown down does not by itself necessarily constitute excessive force. *See Bongiorno v. Perilli*, 537 F.Supp.3d 367, 377–78 (N.D.N.Y. 2021) (finding that a takedown in which "[p]laintiff was slammed on his head" was not excessive). Therefore, a plaintiff would have to allege sufficient facts that would make this particular takedown unreasonable, and Plaintiff has not done so, since the Plaintiff has only included the fact of the takedown. *See* SAC at 1. This "unadorned, the-defendant-unlawfully-harmed-me accusation" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Plaintiff's section 1983 claim as it relates to the Fourth Amendment is therefore dismissed.

> *b. Fourteenth Amendment*

---

[1] Plaintiff adds additional facts about the arrest in her response and Sur-Reply. Resp. at 1; Sur-Reply at 2. Parties are not permitted to plead new facts in response to a motion to dismiss, *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 657 (S.D.N.Y. 2024), and therefore, the Court cannot credit these allegations.

Defendants argue that Plaintiff is required to bring her excessive force claims under the Fourth, and not Fourteenth Amendment substantive due process, that she fails to state a Fourteenth Amendment claim, and that "Defendants are entitled to qualified immunity." Mot. at 6–7.

This Court finds that Plaintiff's claims cannot be brought under the Fourteenth Amendment. If a plaintiff has been arrested, excessive force claims must be brought under the Fourth Amendment, not the Fourteenth. *Harding v. Gould*, 2024 WL 3742688, at * 5 (S.D.N.Y. Aug. 9, 2024). Plaintiff's Complaint does not specify that she was arrested. *See generally*, SAC. Her Response, however, plainly states that "she was unlawfully seized" and was handcuffed. Resp. at 1. Her Sur-Reply also refers plainly to an arrest. Sur-Reply at 2. Therefore, the Fourth, not the Fourteenth, Amendment, governs these claims., and Plaintiff's section 1983 claims as they relate to the Fourteenth Amendment are thusly dismissed.

2. Civil Conspiracy to Deprive Rights

"In order to state a claim for conspiracy under Section 1983, a plaintiff must allege: (1) an agreement between two or more actors (at least one a state actor); (2) to act in concert to cause an unconstitutional injury; and (3) an overt act done in furtherance of that agreement, causing damages." *Ocasio v. City of Canandaigua*, 513 F. Supp. 3d 310, 323 (W.D.N.Y. 2021) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002)). Defendants argue that Plaintiff fails to plead an unconstitutional injury. Mot. at 13–14. After carefully reviewing the parties' filings, the Court finds that Defendants are correct. As discussed above, plaintiff has not alleged an unconstitutional injury. *See supra* section IV(A)(1). Therefore, the civil conspiracy claim, which relies on such an injury, is dismissed.

3. Failure to Intervene

With respect to a claim that defendants failed to intervene when other officers used excessive force, "a plaintiff must demonstrate that: (1) the defendant had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the defendant's position would have known that the plaintiff's constitutional rights were being violated; and (3) the defendant did not take reasonable steps to intervene." *Cornell v. Vill. of Clayton*, 691 F. Supp. 3d 608, 620 (N.D.N.Y. 2023). Plaintiff must also establish the presence of an "underlying constitutional violation." *Kayo v. Mertz*, 531 F.Supp.3d 774, 799 (S.D.N.Y. 2021). Defendants argue that Plaintiff has not pled a constitutional violation. Mot. at 20–22. The Court agrees. As discussed above, plaintiff has not pled facts establishing a constitutional violation. *See supra* section IV(A)(1). Thus, her failure to intervene claim is dismissed.

### B. State Claims

As the Court has dismissed all federal claims, it exercises its discretion in dismissing the remaining state claims for want of subject matter jurisdiction. *See* U.S.C. §1367 (stating that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction."). The Court is mindful that "in the usual case in which all federal-law claims are eliminated before trial," dismissal of claims for lack of subject matter jurisdiction is appropriate. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

### V.     SANCTIONS

On August 26, 2025, Plaintiff filed a Motion for Sanctions against Defendants for spoilation of evidence. Sanctions Mot. The Court has reviewed the Sanctions Motion and finds no need for a response from Defendants. *Jefferson v. Taft Fridays 50*, No. 18CIV1578ATRWL,

2018 WL 2939034, at *3 (S.D.N.Y. Mar. 14, 2018) (a "[c]ourt d[oes] not need to wait for Defendant to respond to deny Plaintiff's motion for sanctions against Defendant.").

"Rule 37 governs situations where a party to a civil action fails to cooperate in discovery, and provides for the Court to issue sanctions against such a party." *Xstrata Canada Corp. v. Advanced Recycling Technology, Inc.*, No. 08-CV-1366, 2010 WL 1539722, at *2 (N.D.N.Y. Apr. 19, 2010) (citing Fed. R. Civ. P. 37). "However, the Second Circuit has consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *Kesick v. Ulloa*, No. 10-CV-1248, 2012 WL 2873364, at *10 (N.D.N.Y. Jul. 12, 2012) (citing *Robertson v. Dowbenko*, 443 F. App'x. 659, 660 (2d Cir. 2011)) (internal quotation marks omitted). Dismissal may be imposed "only in extreme circumstances," and "usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods.*, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (upholding dismissal of complaint after failure "to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [the plaintiff] failed to provide adequate responses to [the defendant's] request"); *see also Matthews v. Sweeney*, No. 17-CV-503, 2024 WL 1558603, at *3 (N.D.N.Y. Apr. 10, 2024) ("This high bar is set because dismissal is considered a 'drastic remedy that should be imposed only in extreme circumstances.'") (citing, *inter alia*, *Hull*, 845 F.2d at 1176).

Plaintiff argues that Defendants have failed to comply with Rule 37(e) of the Federal Rules of Civil Procedure, for their failure to retain video footage of the incident. Sanctions Mot. at 1. Under recent Second Circuit precedent, "to impose sanctions pursuant to Rule 37(e)(2), a district court or a jury must find, by a preponderance of the evidence, that a party acted with an

'intent to deprive' another party of the lost information." *Hoffer v. Tellone*, 128 F.4th 433, 435 (2d Cir. 2025). Plaintiff has not demonstrated an "intent to deprive," as Plaintiff has not shown that the footage ever existed, was ever in the possession of the Defendants, or was intentionally destroyed or lost by Defendants. *See generally,* Sanctions Mot. Particularly relevant is the fact that the security footage in question, if it exists, would likely have been possessed by the Funny Bone Comedy Club or Destiny USA, *see* SAC at 1–2. But the defendants in this case are police officers and the Syracuse Police Department. *See id.* Plaintiff has therefore fallen short of her burden of demonstrating that defendants intended to deprive plaintiff of information in their possession. The motion for sanctions is therefore denied.

## VI.    MOTION TO AMEND

Plaintiff has asked the Court's permission to amend her complaint for a second time. Mot. to Amend at 1. Beyond the first amendment, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Notwithstanding the liberality of the general rule, 'it is within the sound discretion of the court whether to grant leave to amend.'" *Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 653 (S.D.N.Y. 2024) (quoting *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). Acceptable reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court observes that Plaintiff and her son have brought multiple lawsuits regarding the same underlying set of facts. *See Jarvis v. Funny Bone Comedy Club*, No. 5:25-CV-645 (LEK/MJK), 2025 WL 1532695, at *2 (N.D.N.Y. May 28, 2025)*, report and recommendation*

10

*adopted*, No. 5:25-CV-645 (LEK/MJK), 2025 WL 3653544 (N.D.N.Y. Dec. 17, 2025); *Kerr v. Syracuse Police Dep't*, No. 5:25-CV-1647 (LEK/MJK), 2025 WL 3704437, at *1–2 (N.D.N.Y. Dec. 19, 2025); *Kerr v. Funny Bone Comedy Club*, No. 25-CV-01648 (N.D.N.Y. filed Nov. 24, 2025). The plaintiff has also filed multiple other lawsuits regarding the Syracuse Police Department. *See, e.g.*, *Jarvis v. Wagner*, No. 5:25-CV-647 (BKS/PJE), 2026 WL 206050, at *3 (N.D.N.Y. Jan. 27, 2026), *report and recommendation adopted in part, rejected in part*, No. 5:25-CV-00647 (BKS/PJE), 2026 WL 440524 (N.D.N.Y. Feb. 17, 2026); *Jarvis v. Knapp*, No. 5:25-CV-1167 (MAD/MJK), 2025 WL 2926959, at *1 (N.D.N.Y. Oct. 15, 2025), *report and recommendation adopted*, No. 5:25-CV-1167 (MAD/MJK), 2025 WL 3525789 (N.D.N.Y. Dec. 9, 2025); *Jarvis v. Citizen Rev. Bd. of the City of Syracuse*, No. 5:25-CV-1169 (AMN/PJE), 2026 WL 249404, at *3 (N.D.N.Y. Jan. 30, 2026), *report and recommendation adopted sub nom.*, *Jarvis v. Citizen Rev. Bd. of City of Syracuse*, No. 5:25-CV-01169 (AMN/PJE), 2026 WL 488535 (N.D.N.Y. Feb. 20, 2026). The Second Circuit has held that a party having "a history of vexatious litigation" is grounds to deny leave to amend. *Baiul v. NBC Sports, a division of NBCUniversal Media LLC*, 708 F. App'x 710, 714 (2d Cir. 2017). Given the vexatiousness with which Plaintiff has litigated this incident, and others, and the likely futility of any amendments she will make, the Court declines to grant leave to amend. *See* Mot. to Amend at 1 (noting that the Amended Complaint "merely corrects and consolidates existing allegations.").

## VII.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' motion to dismiss, Dkt. No. 32, is **GRANTED**; and it is further

11

**ORDERED**, that Plaintiff's claims against defendants are **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's motion for sanctions, Dkt. No. 37, is **DENIED**; and it is further

**ORDERED**, that Plaintiff's motion to amend, Dkt. No. 46, is **DENIED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  March 31, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge